IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| In Re: | * | |
| Tia D. Peoples-Harris | * | Case No.:  17-26865 MMH |
| Debtor | | |
| | * | |
| | * | Chapter 13 |
| *   *   *   *   *   * | * | |
| U.S. Bank Trust National Association, as Trustee ff Chalet Series III Trust, Movant (SN Servicing Corporation), Servicer Movant | * | |
| | * | |
| vs. | * | |
| | * | |
| Tia D. Peoples-Harris Aka Tia D. Peoples, Debtor Respondent | * | |
| | * | |

**RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY**
**And**
**RESPONSE TO NOTICE OF INTENT TO SUBMIT BUSINESS RECORDS**

Now comes the Debtor/Respondent, Tia Peoples-Harris, by Joseph V. Rohr, Jr., her attorney, and in response to the Motion for Relief from Automatic Stay ("Motion' and Notice of Intent to Submit Business Records ("Notice") states as follows:

**Relief from Automatic Stay**

1. The Respondent admits the allegation contained in paragraph 1 of the Motion regarding the Court's jurisdiction.

2. The Respondent denies the allegation contained in paragraph 2 of the Motion that the Movant is the holder of a Note secured by a Deed of Trust dated July 6, 2005.

3. The Respondent denies the allegations contained in paragraph 3 of the Motion.

4. The Respondent denies the allegations contained in paragraph 4 of the Motion.

5. The Respondent denies the allegations contained in paragraph 5 of the Motion.

6. The Respondent denies that the Movant filed Claim 1-2. The Respondent is without knowledge of the identity of its predecessor. Claim 1-2 was filed by Federal National Mortgage Association. The Respondent admits that Claim 1-2 was disallowed by Order dated October 22, 2019. The Respondent admits that her Amended Chapter 13 Plan, filed after entry of the Court's Order disallowing Claim 1-2, did not provide for payment of pre-petition arrears, as Claim1-2 had been disallowed.

7. The Respondent denies the allegations contained in paragraph 7 of the Motion.

8. The Respondent admits the allegation contained in paragraph 8 of the Motion.

9. The Respondent denies the allegations contained in paragraph 9 of the Motion.

10. Further answering the Respondent asserts that Movant relies on an un-indorsed Note, with an unattached allonge, to justify its ability to enforce a claimed lien on Respondent's property. An unendorsed Note on its face is not enforceable by any party other than the original obligee, in this case, PHH Mortgage Corp.

### Notice of Intent to Submit Business Records

11. The Movant has served notice of its intention to submit business records in support its Motion. In this regard, counsel for the Respondent has been advised by counsel for the Movant that the only documents to be submitted are those attached as exhibits to the Motion. No certification by any custodian, nor a foundation for any certification has been included. FRE 902(11), cited by Movant, requires the original or copy of a domestic record to meet the requirements of FRE 803(6)(A)-(C),as shown by a certification of the custodian or another qualified person. That Rule further requires the proponent to make available the record and certification.

12. In the present case the Movant has not identified a custodian nor stated their qualifications to certify the records proposed to be introduced.  Of the documents attached as exhibits to the Motion proposed to be offered as business records: the recorded Deed of Trust is self-authenticating as a public record; the Note and Allonge are negotiable instruments and not business records, consequently, the original of Note containing an attached allonge would need to be produced; the purported payment history is a business record that would require competent certification to be admitted as a business record.

WHEREFORE, for the reasons stated herein, the Respondent respectfully requests that the Motion for Relief from Automatic Stay be denied.

/s/ Joseph V. Rohr, Jr.
Joseph V. Rohr, Jr.
4709 Harford Road
Baltimore, MD 21214
(443)570-9571
jrohr826@gmail.com
Federal Bar No. 10997
Attorney for Debtor/Respondent

3

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 13th day of October, 2020 I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Response To Motion For Relief From Automatic Stay will be served electronically by the Court's CM/ECF system on the following:

Rebecca A. Herr
Chapter 13 Trustee
185 Admiral Cochrane Dr.
Suite 240
Annapolis, MD 21401
ecf@ch13md.com


Kevin Feig, Esq.
Attorney for Movant
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
bankruptcymd@mwc-law.com

     I HEREBY FURTHER CERTIFY that on this 13th day of October, 2020, a copy of the foregoing Response To Motion For Relief From Automatic Stay was also mailed by first class mail, postage prepaid to :


Tia D. Peoples-Harris
1230 N. Ellwood Avenue
Baltimore, MD 21213-3926


                                                     /s/ Joseph V. Rohr, Jr.
                                                   Joseph V. Rohr, Jr.