IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| In Re: | * | |
| Tia D. Peoples-Harris | * | Case No.:  17-26865 MMH |
| Debtor | | |
| | * | |
| | * | Chapter 13 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. Bank Trust National Association,
Trustee for Chalet Series III Trust,
Movant (SN Servicing Corporation),
Servicer                                                          *
            Movant
                                *
    vs.
                                *

Tia D. Peoples-Harris                                             *
Aka Tia D. Peoples, Debtor
           Respondent                                   *

## POST HEARING MEMORANDUM OF
## DEBTOR/RESPONDENT TIA PEOPLES-HARRIS

The Debtor, Tia Peoples- Harris, through her counsel, Louise M. Carwell and Maryland Legal Aid, submits this post-hearing memorandum and states as follows:

A hearing on the Movant's Motion to Lift Automatic Stay was held before this Court on September 30, 2021.  After a hearing on the Motion, this Court requested that the parties submit post-hearing memoranda addressing particular issues.  The issues include:

1

I.   Who is the Proper Party to Enforce the Note?

II.  Can the Movant Enforce the Note?

III. If the Movant Cannot Enforce the Note Does that result in a Windfall for Tia Peoples-Harris?

IV.  Is the Movant Precluded from relief under the Motion to Lift the Automatic Stay as the same issue was raised and decided against a party in privity when this Court disallowed the Proof of Claim?

V.   Is an Order entered by default sufficient for claim preclusion?

VI.  Is a disallowance of a claim a final order?


I.   **<u>Who it the Proper Party to Enforce the Note?</u>**

On July 6, 2005, Tia Peoples Harris executed a purchase money Deed of Trust and Promissory Note in favor of PHH Mortgage Corporation. The Promissory Note was only executed by Ms. Peoples Harris. The original Note was lost while in the possession of PHH Mortgage. The Federal Home National Mortgage Association (hereinafter Fannie Mae) who was transferred the Note, filed a proof of claim in this case but was not able to prove it had the power to enforce the Note. Fannie Mae then transferred the Note to the Movant and on January 23, 2019, the Movant, as Trustee for Chalet Series III Trust; (SN Servicing Corporation) filed a Transfer of Claim other Than Security with this Court. The Movant's authority to enforce the Note is based on a Lost Note Affidavit, a copy of the original Note, and an unattached allonge that is endorsed in blank. Maryland law does not support the Movant is a party in interest under 11 U.S.C. §362 based on the documents.

Ms. People Harris maintains that where there is an unendorsed Note, the only party that may enforce the Note is the original oblige, PHH Mortgage Corporation. The basis for this

conclusion is the holdings in *Anderson v. Burson*, 424 Md. 232 (2011) and *Deutsche Bank Nat'l Trust Co. v. Brock*, 430 Md. 714 (2013) and ACM, Comm Law Art. §3-309. There is no evidence that any party that received a transfer after PHH Mortgage had possession of the original Note and this is admitted in the lost not affidavit. Under Maryland Law, when a party claims that it holds the right to collect and there is an alleged transfer of the Note, but the Note is lost or the transfer is defective, the only party entitled to collect is the original lender, in this case PHH Mortgage.

At the hearing on this matter, the Court asked counsel for Ms. Peoples-Harris who would be entitled to collect under the Note, if not the Movant. Counsel replied that the original party, PHH Mortgage would be the party that could demand payment but counsel did not believe that PHH Mortgage was still in business. While the name PHH Mortgage remains, in October of 2018, PHH Mortgage merged with Ocwen Financial and PHH became a wholly owned subsidiary of Ocwen Financial.[1] It is uncertain at this juncture precisely, how to return the enforcement of the Note to PHH Mortgage, due to its status as a wholly owned subsidiary of another company and after there were multiple transfers creating distance from PHH.

II. **Can the Movant Enforce the Note**?

The Movant does not possess the right to collect because the documents it has in its possession are insufficient to authorize enforcement. ACM, Comm. Law Art. §3-309 addresses the enforcement of a Note that is lost, destroyed or stolen. Language of a UCC provision that was the same as Maryland's §3-309 was examined by the Court in *Dennis Joslin Co., LLC v. Robinson Broadcasting, Corp.*, 977 F. Supp 491 (Dis. D.C. 1997). In *Joslin* the Note was lost and there was a transfer to the FDIC who came to hold the Note as receiver for a national bank.

---

[1] https://www.sec.gov/Archives/edgar/data/77776/000110465918060466/a18-36235_18k.htm.

The FDIC sold the Note to another company, 4M Communications, and issued a lost note affidavit to that company. 4 MCommunications later sold its interest in the Note by assignment to Joslin.

It was clear to the Court in *Joslin* that the Plaintiff did not hold the Note and could not meet the requirements of D.D. Code §28:3;3-309; UCC§3-309. The intent of UCC§3-309 is …"to protect defendants from being obligated to two persons or entitled with conflicting claims – the original holder who lost the instrument and a subsequent holder who innocently acquired the lost note". *Joslin* at 494. [2] Under the revised District of Columbia UCC provision that mirrors Maryland's UCC§ 3-309, the court held that the party suing to enforce the Note only has the right to bring the action if the person was in possession at the time that the Note was lost. *Id.* Thus, the party seeking to collect in *Joslin* and in the present case must meet two tests: "it must have been in possession of the note when it was lost and entitled to enforce the note when it was lost". *Id.* The Movant cannot even pass one prong of the test and fails the requirements of Comm. Law Art. §3-309.

Following *Joslin* the court in *Zullo v. HMC Assets, LLC for CAM III Tr.*, 2017 WL 2720319, turned to the history of cases that analyzed enforcement of a Note when the Note was lost prior to assignment. The court relied on <u>Dennis Joslin Co., LLC v. Robinson Broad. Corp., 977 F. Supp. 491 (D.D.C. 1997)</u>, to analyze the meaning of 1990 version of UCC 3-309 and noted that the decision in *Joslin* had caused a split in Circuits deciding similar issues. Massachusetts, where *Zullo* arose, and Maryland, did not amend UCC section §3-309 and both states require that to enforce rights under the Note, there must be possession of the Note. The

---

[2] The *Joslin* Court noted that an earlier version of UCC 3-309 has clearer language that did permit the owner of a lost instrument to recover if it could prove ownership and there were facts to support why the party was prevented from producing the Note. *Joslin* at 495.

4

party seeking to foreclose, HMC, argued for a more expansive reading of the UCC than what the decision is *Joslin* had used. The court in *Zullo* saw no reason to read the amendment into the Massachusetts law or to follow HMC's argument that the decision of in *Joslin* should be ignored. *Id* at 8. Quoting from *In re Harborhouse of Gloucester*, 505 B.R. 365 (Bankr. D. Mass. 2014) "Actual possession at the time of loss as a requirement of enforcement of a negotiable instrument under § 3–309 provides an objective method to determine a party's right to enforce a negotiable instrument and provides a reliable means to determine the parties' rights. By setting an actual possession requirement, parties on both sides have a clear and established standard. The maker of the note is protected from multiple claims of its ownership and enforcement of the note is still possible by the party who lost it." *In re Harborhouse of Gloucester*, 505 B.R. at 372.

III. **Does the fact that the Movant cannot enforce the Note result in a Windfall for Tia Peoples-Harris**?

During the hearing on this matter, this Court raised the question of whether Ms. Peoples Harris would receive a windfall if the Movant could not collect or, as counsel understood the Court's question, no party could collect. Counsel for Ms. Harris responded that permitting the Movant to enforce and collect on the underlying Note was akin to permitting a party with no rights to be repaid on a debt that it was not owed by the consumer. Ms. Peoples Harris borrowed the loan in good faith and paid PHH Mortgage under the terms of the loan. Ms. Peoples Harris had no ability to control what transpired after signing the Note and the subsequent transfers, the loss of the Note, the creation of an allonge, and the creation of the Lost Note Affidavit. There is no evidence, until the filing of the foreclosure in the Circuit Court for Baltimore City or this bankruptcy that any documents regarding the transfers or the lost Note were ever presented to Ms. Peoples Harris. The loss or windfall that may arise in this case is due to the failure of the

Movant and all prior transferors to ensure that all downstream transferees could enforce the Note.

In *Zullo, supra,* assignee took the position that the debtor stood to gain …"an enormous windfall... [by being relieved] of the debt he was obligated to pay." *Zullo* at 9. The court did not agree and stated that what the assignee …"fails to acknowledge… the 'windfall" that it [the assignee] would achieve if the court were to allow an entity without a perfected security interest to foreclose and claim the right, title, and interest in real property of another." *Id*. Following the reasoning of *Zullo* further, the Movant, as an entity that has the sophistication to act as Trustee for a securitized Trust, bears the responsibility of ensuring that it reviews what it is purchasing in a transfer of negotiable instruments and whether those transfers are appropriate and comply with the law of the state where the real property is located. If there is a failure or a loss in this matter, it is attributed to the loss of a negotiable instrument by PHH and the subsequent lack of due diligence by entities far more knowledgeable on the topic of negotiable instruments and securitization than Ms. Peoples Harris.

IV. **Is the Movant Precluded from relief under the Motion to Lift the Automatic Stay as the same issue was raised and decided against a party in privity when this Court disallowed the Proof of Claim?**

Issue preclusion ensures that a prior judgment on the same matter creates certainty and finality where the parties in a case are the same or in privity. Maryland and Federal Courts have adopted the following definition of issue preclusion: " [w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982). *In Re McCormick* at 4. Under ACM, Comm. Law Art. §3-303, the Movant does not have the status of

6

a holder of the Note because Fannie Mae did not hold the Note and thus did not have that right to transfer enforcement. This Court held that Fannie Mae had no right to payment or to enforce the Note when it denied Fannie Mae's proof of claim. The decision on the issue of the proof of claim precludes the Movant from further litigation on this matter or attempts to raise it in the pending Motion.

V. **Is an Order entered by default sufficient for claim preclusion?**

There was discussion during the hearing, whether a default judgment is sufficient for claims preclusion. As this court has discussed in *In Re Durant*, 586 B.R. 577 (Bankr. D.Md. 2018) "[u]nder Maryland law, the elements of res judicata, or claim preclusion, are: (1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and, (3) that there has been a final judgment on the merits. ... If a final judgment exists as to a controversy between parties, those parties and their privies are barred from relitigating any claim upon which the judgment is based." *Anne Arundel Cty. Bd. of Educ. v. Norville*, 390 Md. 93 (2005) (citations omitted). Maryland law also recognizes issue preclusion, or collateral estoppel, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Janes v. State*, 350 Md. 284 (1998) (citations omitted). *In Re Durant* at 585. As to the actually litigated element, the Court in *In re Durant* noted that the Maryland Court of Appeals relied on *John Crane Inc. V. Puller*, 169 Md. App. 1 (2006) for that standard. In *Puller* the court held that the true focus of the actual litigation requirement …"is not the defendant's level

of participation in the prior litigation but whether the judgment was the result of a "deliberative process of fact-finding by a fact-finding jury or judge." *Puller*, 169 Md. App. at 35.

In the present case, the Court considered an initial proof of claim filed by Fannie Mae and an amended claim.[3] In particular, the Court considered the ground that a claim "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." § 502(b)(1). Ms. People Harris responded to each claim arguing that Fannie Mae did not meet the statutory requirements and cited to decisions of the Maryland Court. The decision was made after this Court considered the pleadings and documents provided by the parties and ruled on the claim and the objection. The decision in favor of Ms. Peoples Harris was not by default because Fannie Mae was an active participant. Further, the decision on the claim was within the same case making the analysis for claim preclusion much easier than cases between courts in distinct federal courts or between federal and state courts.

**VI.   Is a disallowance of a claim a final order?**

The Movant also raised the issue of whether a decision on a proof of claim was final for issue preclusion purposes. As counsel for Ms. Peoples Harris understands the argument from opposing counsel on the matter of a final judgment, the Movant questions whether a decision on a proof of claim is a final order that has a preclusive effect for purposes of the pending Motion. A "claim" as defined by 11 USC §101(5) is "a right to payment…" which is of particular importance in a Chapter 13 bankruptcy. Fannie Mae actively engaged in the claim process by filing a claim under 11 U.S.C §506. Fannie Mae then continued to engage in the process when it

---

[3] As the Court noted in *In Re Haymarket Transportation, Inc*., 2011 WL 1871112 when considering the grounds for disallowance of a claim under 11 USC §502, the objecting party has the initial burden of presenting evidence to overcome the claim and once that is accomplished, the burden shifts to the party that filed the claim.

amended the Proof of Claim in an attempt to change the Court's decision on the previous claim. Once those orders were enter, Fannie Mae did nothing further and did not appeal those orders or submit further documents to substantiate its claim.

A Maryland Court considered the issue of whether an order on a claim is a final order in *Williams v. Stewart*, 97 Md.App. 620 (1993). The Maryland Court held that a decision on a proof of claim would not have a preclusive effect of a final order if the case were dismissed. Under those circumstances, the Court permitted the reinstatement of the judgment of the state court. However, as the Court noted in *Mackall v. JPMorgan Chase Bank*, 356 P.3d 946 (2014), in considering the *Williams* case, the reason why the order was not final and did not maintain the preclusive effect after dismissal of the chapter 11 case is that to do so would have been unfair and allowed a debtor after receiving a favorable result to abandon the bankruptcy. *Mackall* at 953 *citing to Williams* at 620-623. In the present case, Ms. People Harris chapter 13 has not been dismissed and further, her chapter 13 was confirmed long ago. After almost two years since the decision on the Claims, to have the Movant raise the issue of finality to attack or undermine issue preclusion would result in a total disruption with the process and purpose leading up to confirmation of a Chapter 13 plan. Based on *Williams* and *MacKall,* this Court's decisions on the proof of claims does stand as a final order and preclude raising the same issue in the Motion to lift the automatic stay.

## **CONCLUSION**

Tia Peoples Harris does not depart from the position that the Motion to Lift the Automatic Stay must be denied. The Movant is not a party in interest that can sustain the present Motion for Relief from Stay. The orders on the proof of claim were final orders that preclude consideration of the same issue. The Movant cannot show that it has any right to

enforce the Note or that Fannie Mae had that right and the documents it has presented do not comply with the requirements of Maryland Law.

                                                    _____/s/_____
                                                    Louise M. Carwell
                                                    Legal Aid Bureau, Inc.
                                                    500 E. Lexington St.
                                                    Baltimore, Md. 21202
                                                    410-951-7786
                                                    Fed. Bar No.: 10177

## CERTIFICATE OF SERVICE

     I hereby certify that on this 15th day of September 2021 a copy of the foregoing Post Hearing Memorandum was sent by electronic mail to Kevin Feig, counsel for the Movant, at KFeig@mwc-law.com, to the Chapter 13 Trustee, Rebecca Herr at ecf@ch13md.com and by first class mail, postage prepaid to Tia Peoples-Harris, 1230 North Ellwood Street, Baltimore, MD 21213.

                                                    _____/s/_____
                                                    Louise Carwell